THE NORTHWESTERN BENEVOLENT AND MUTUAL AID
ASSOCIATION

v.

BRIDGET E. CAIN.

*Life Insurance—Statements as to Condition and Habits—Whether Representations or Warranties—Distinction—Review of Authorities—Instructions—Practice—Examination of Witness out of Order—Discretion.*

1. In an action upon a certificate of membership in a mutual aid association, it is *held:* That the statements made by the insured in regard to his condition and habits are representations, and not warranties; that it is sufficient if they were made in good faith, although some one or more of them may have been untrue, and that there was no error in the refusal of the court below to give certain instructions which treated such statements as warranties.

2. An instruction asked by the defendant which is more comprehensive than any of his pleas should be refused.

3. Whether the examination of a witness shall be permitted out of the usual and regular order is within the discretion of the trial court.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Marshall County; the Hon. T. M. SHAW, Judge, presiding.

Statement of the case by WELCH, J. This was an action of assumpsit brought by appellee against appellant upon a certificate of membership issued by the appellant to Thomas W. Cain, on the 14th day of May, 1883, by which the sum of $2,500 was to be paid within sixty days after the death of said Cain, to his wife, the plaintiff below and present appellee.

The certificate of membership at its conclusion contains the following clause: "This certificate is issued upon the condition that the said Thomas W. Cain shall comply with the constitution and by-laws of this association and that the statements in the application for this certificate are true." To the declaration the appellant filed several special pleas, in which it was set up by way of defense that the certificate issued was based

upon the application in writing for membership in the said association made by said Thomas W. Cain, in which, among other things, he made untrue representations in regard to his condition and habits as follows:

1.   To the question, do you believe yourself to be free from all disease, hereditary or otherwise, tending to shorten life? A.   Yes.

2.   Has your general health been uniformly good for the past ten years?   A.   Yes.

3.   If you use alcholic or other stimulants, opium or other narcotics, state which one, how long, and to what extent; answer fully.   A.   Beer, moderately.

4.   Have you personally consulted a physician, been prescribed for, or professionally treated within the past ten years? A.   Yes.

If so, give dates, and for what disease.   A.   For nervousness, about ten years ago.

Name and residence of that physician?   A.   Dr. Downey, Wenona.

5.   Do you agree that the habitual use of alcholic drinks, opium or other stimulants to an excess, liable to permanently injure your health, shall render this contract null and void? A.   Yes.

To the pleas setting up the untruthfulness of the representations made in the application, in respect to the questions and statements above quoted, replications were filed taking issue.

Verdict and judgment for the appellee, from which this appeal is taken.

Messrs. McNULTA & WELDON, HAMILTON SPENCER and JOHN H. JACKSON, for appellant.

The first question which arises in this case is, whether the statements made by Cain, in his application for membership, are warranties, and if they were in any respect untrue, whether such want of truthfulness avoids the contract between the parties.   If those statements are warranties, then, by the terms of the contract between the parties as shown by the agreement contained in the application and the condition in

the certificate of membership, whether bearing directly or not upon the risk, will be sufficient to avoid the contract of insurance. The parties chose to make a contract for themselves. They fix its terms and conditions, and agree as to what false representations shall render the contract void. This agreement no court has power to change or modify. We think this proposition is abundantly established by the cases cited below. Hartman v. Keystone Ins. Co., 21 Pa. St. 466; Jeffreys v. Economical Ins. Co., 22 Wall. 47; Anson on Contracts, 141; May on Insurance, Sec. 156.

No particular form of words is necessary to constitute a warranty. Any statement or stipulation upon a literal truth or fulfillment of which, in the intention of the parties, the validity of the contracts is made to depend, whether appearing as a condition or warranty, or however otherwise, amounts to a warranty. Whenever the statements made in the application are referred to in the policy itself, and by express terms are made part of it, or they are declared to be the basis upon which it is made, or the policy is declared to be issued upon the faith thereof, there can be no doubt that such statements and stipulations are embraced in, and constitute part of the policy. May on Insurance, Sec. 158, and cases cited.

But even assuming that these statements are to be treated only as representations, and not warranties, they, nevertheless, are material representations, and the difference in legal effect between representations thus made and warranties is important, if indeed there be any. Price v. Phœnix Ins. Co., 17 Minn. 497.

Messrs. Edwards & Evans, for appellee.

Welch, J. The first question which we shall consider is whether the statements made by Cain in his application for membership are warranties, and if they were in any respect untrue, whether such want of truthfulness avoids the contract between the parties.

The application in the case of the Illinois Masons' Benevolent Society v. Charles E. R. Winthrop, Adm'r etc., 85 Ill. 537,

contained this provision : " It is hereby declared that the above are true and fair answers to the foregoing questions, in which there is no misrepresentation or suppression of known facts, and I acknowledge and agree that the above statements shall form the basis of the agreement with the society." This was held to be a representation and not a warranty. In the policy in the case of Price v. Phœnix Mutual Life Ins. Co., 17 Minn. 497, it was provided, and "declared to be the true intent and meaning of this policy, and the same is accepted upon these express conditions, that   *   *   *   if any of the declarations or statements made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue, then and in every such case this policy shall be null and void."

The court in that case held the answers to the questions in the application to be representations and not warranties and that it was sufficient if they were substantially true. In Campbell v. New England Mutual Life Ins. Co., 98 Mass. 381, the court say: "In considering the question whether a statement forming a part of the contract is a warranty it must be borne in mind as an established maxim that warranties are not to be created or extended by construction. They must arise, if at all, from the fair interpretation and clear intendment of the words used by the parties.

" When, therefore, from the designation of such statements as statements, or as representations, or from the form in which they are expressed, there appears to be no intention to give them the force or effect of warranties, they will not be so considered."

In that case it was provided that the amount of the policy should be payable "upon the following conditions (among others):" "If the statements by or in behalf of or with the knowledge of the said assured to said company as the basis of or in the negotiation for this contract shall be found in any respect untrue then the policy shall be null and void." After answering the various questions propounded in the application to him he said, "the foregoing are full, fair and true answers to the questions proposed," and it was signed by him. These

statements of the policy and application combined were held to give the answers in the application only the force of representations and not warranties. In the case of Moulor v. American Life Ins. Co., 111 U. S. 335, the application contained the following agreement:

" It is hereby declared and warranted that the above are fair and true answers to the foregoing questions ; and it is acknowledged and agreed by the undersigned that this application shall form part of the contract of insurance, and that if there be in any of the answers herein made, any untrue or evasive statements, or any misrepresentation or concealment of facts, then any policy granted upon this application shall be null and void, and all payments made thereon shall be forfeited to the company."

The Circuit Judge on the trial of this case before a jury held the statements in this application warranties, and charged that if his answers were untrue to certain questions, and notwithstanding he may have ignorantly and honestly made the answers, the policy was void and no recovery could be had upon it. This charge the Supreme Court say was in effect holding the statements in the application to be warranties, and that in so doing the Circuit Court erred. In the view we take of this case in the light of the foregoing authorities, we hold that the statements made by Cain in his application are representations and not warranties, and that if the statements were made in good faith, although some one or more of them may have been untrue, if the misstatement was not intentional, but was made in good faith and under a belief that the statement was true, the misstatement did not operate to avoid the policy.

It is sufficient if representations be substantially true. In view of what we have said there was no error in the refusal of the first instruction asked by the appellant. It is as follows:

1. The court instructs the jury on the part of the defendant that the statements made by Thomas W. Cain in his application for membership in the defendant association, as to the facts relating to his health or his habits of temperance, are warranties, and not merely representations, and if any of those

statements were untrue, whether Cain knew them to be false or not, the contract of insurance is thereby rendered void, and if the jury believe from the evidence that the statements made in the application for membership were really false, they must find for the defendant.

It is also insisted by the counsel for the appellant that the court erred in refusing to give the fourth, fifth and sixth of the appellant's instructions. The fourth and fifth were based upon the answer to question No. 4 in the application. Each of them was predicated upon the idea of the absolute truth of these answers, treating them as warranties and not as representations.

There was no error in their refusal. The sixth instruction was as follows:

6th. "If the jury believe, in this case, that the preponderance of the evidence shows that Thomas W. Cain, during the last four years of his life, at any time immoderately indulged in the use of alcoholic stimulants of any kind, they will find for the defendant."

It is insisted by counsel for appellant that this instruction was proper under the plea which alleges that Cain falsely and fraudulently represented to the appellant that he used alcoholic or other stimulants, opium or other narcotics, only by using beer moderately; whereas, in fact, at that time and for a long period before, said Cain had used alcoholic and other stimulants immoderately and to great excess. This instruction was more comprehensive than the plea; it not only embraces the period at the time and prior to the application, but included the period subsequent thereto down to his death. This instruction was not proper under the other plea charging that he was addicted to the use of alcoholic stimulants so that he was permanently injured. It ignored the permanent injury. There was no plea under which that instruction was proper.

It is also insisted that the court erred in not allowing Dr. Potts to testify. The question was one of discretion with the trial court, and we do not think the discretion was improperly exercised. After a careful consideration of this case we are

satisfied there was no error in the law as given by the court, or in the conclusion rendered by the jury. Substantial justice has been done.

*Judgment affirmed.*