THE CONTINENTAL LIFE INSURANCE COMPANY
v.
CATHARINE THOENA, ADM'X.

*Life Insurance —Representations—Warranties—Application—Agency—*
*" General Merchant "—Estoppel—Instructions—Evidence.*

1. Where the agent of a life insurance company has, in the application, described an applicant for insurance, who was engaged in butchering and keeping a saloon and boarding house, as a " general merchant," the company is estopped from asserting that such description is untrue.

2. This court holds that the representations contained in the application in question, touching the applicant's use of stimulants and narcotics, and the question whether he had had a certain disease, were not warranties.

[Opinion filed January 4, 1888.]

IN ERROR to the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Mr. L. H. HITE, for plaintiff in error.

The rules by which a policy of insurance is to be construed, and the principles by which it is governed, are the same as those which are applied to other mercantile contracts. Aurora Fire Ins. Co. v. Eddy, 49 Ill. 106.

Where the authority of the agent is written, persons deal-ing with him are bound to inform themselves as to its con-tents. Rawson v. Curtis, 19 Ill. 456.

Where an agency is exercised in respect to matters gov-erned by known usage, it will be presumed, in the absence of proof to the contrary, that the agency is to be conducted in the manner and according to the practice which is allowed and justified by such usage. U. S. Life Ins. Co. v. Advance Co., 80 Ill. 549.

The agent must, if special, act within the scope of his agency. He can not bind the principal beyond the scope of his agency. Williams v. Merritt, 23 Ill. 623.

When the directions of the master are general as to the business in which the servant is employed, he confides in his discretion; but when the directions are specific, it is other-wise. In the former case the master becomes liable for all the acts of the servant performed in the discharge of the duties required; but in the latter case, if the servant exceeds the specific directions, the act performed beyond the author-ity becomes his own, for which the master is not liable.

Mr. M. MILLARD, for defendant in error.

The first point made is that the insured did not state his business accurately. He was a butcher, farmer, huckster, sausage maker and saloon keeper. The soliciting agent of the defendant wrote him down as a "general merchant." This under all our decisions, was the act of the company, and a waiver of the condition, if the agent knew what his business really was. Under the evidence the jury was authorized to find that Crocker knew Thoena, and was familiar with his avocation, and especially with the saloon part of it. Mootz and Draggon, two of defendant's witnesses, both say they went to the saloon frequently with Crocker while he was trying to get Thoena to take a policy. Crocker asked them to go there for the purpose of helping him to induce Thoena to insure. And when Thoena finally capitulated to the joint efforts of the de-fendant's agent and those worthy people, who probably exerted considerable influence, Crocker filled up the application and presented Thoena as a "general merchant."

Under such circumstances the company is bound, no matter what the policy contains. Commercial Ins. Co. v. Ives, 56 Ill. 402; Union Ins. Co. v. Chipp, 93 Ill. 97; Newark Ins. Co. v. Sammons, 110 Ill. 166; Rockford Ins. Co. v. Nelson, 75 Ill. 549; American Ins. Co. v. Luttrell, 89 Ill. 314; St. Paul F. & M. Co. v. Wells, 89 Ill. 82; Atlantic Ins. Co. v. Wright, 22 Ill. 462; F. & Marine Ins. Co. v. Chestnut, 50 Ill. 111; Com. Ins. Co. v. Spankneble, 52 Ill. 53; Neith v. Ins. Co., 52 Ill. 518; Reaper Ins. Co. v. Jones, 62 Ill. 458; Andes Ins. Co. v. Fish, 71 Ill. 620; Germania Ins. Co. v. McKee, 94 Ill. 494.

And to this long list of cases may be added that of Insurance Co. v. Wilkinson, 13 Wall. (U. S.) 222, which is an authority well deserving of examination.

But under a decision of our Supreme Court these answers are not warranties, and unless given with a fraudulent design the company can not escape its liability. Continental Life Ins. Co. v. Rogers, 119 Ill. 474.

Green, P. J. This suit was upon a policy issued by plaintiff in error to George Thoena on May 15, 1883, to recover the amount to be paid at his death by the terms of said policy; defendant below pleaded the general issue and gave notice under it, that on the trial defendant would give evidence and insist that George Thoena was, on the 10th day of May, A. D. 1883, and prior and subsequent thereto, in the habit of personally using alcoholic and other stimulants immoderately and to excess, and that his habit through life and up to May 10, 1883, had not been in that respect moderate and without excess. And that the profession and occupation of said George Thoena on the 10th of May, 1883, was not that of general merchant, but that his principal occupation was then, and continued to be, up to the time of his death, that of a saloon keeper. The verdict of the jury was for plaintiff, assessing damages at $1,500 (the amount of death loss). Defendant's motion for a new trial was overruled; the court rendered judgment on the verdict, to reverse which plaintiff in error sued out this writ.

It appears from the evidence that the assured paid all the

premiums as required by the terms of the policy up to the time of his death, which occurred February 10, 1885; that proofs of death were made within the time prescribed by and in accordance with the provisions of the policy, and the only · defense relied on is, that certain answers made to questions in the written application for the insurance, signed by Thoena, were untrue, viz.: To the question, "Profession or occupation?"  Answer, "General merchant."

To the question, "Describe fully your habit in regard to the personal use of alcoholic or other stimulants, narcotics and tobacco?"  Answer, "Stimulants moderately, no excess; no tobacco, no narcotics."

To the question next following, "What has been your habit in this respect through life?"  Answer, "Same."

To the question, "Has the said party had any of the following complaints" (naming twenty-nine different kinds, including rheumatism).  Answer, "No."

These answers are said to be untrue and to constitute warranties for the breach of which, by the terms of the application, the policy is avoided; and the following clauses of said application, and provisions and requirements referred to in an *addendum* to the policy, are relied on to support the defense interposed: "Agents of the company are not authorized to make, alter or discharge contracts, to waive forfeitures of policies, or to receive premiums when overdue."  "And it is hereby covenanted and agreed that the statements and representations contained in this application and declaration shall be the basis of, and form part of the contract or policy of insurance between the said party or parties signing the application and said company, which statement and representations are hereby warranted to be true; and any policy which may be issued upon this application by the Continental Life Insurance Company, and accepted by the applicant, shall be so issued and accepted upon the express condition, that, if any of the statements or representations in this application are in any respect untrue  *  *  *  the said policy shall be null and void.

"It is hereby affirmed and declared that in this application no circumstance or information touching the past or present

state of health, habits of life or condition of said party has been concealed or withheld which may render an assurance on the life of said party more than usually hazardous, or with which the directors of the Continental Life Insurance Company ought to be made acquainted.

"The contract between the parties hereto is completely set forth in this policy, and the application therefor, taken together, and none of its terms can be modified, nor any forfeiture under it waived, except by an agreement in writing, signed by the president or secretary of the company, whose authority for this purpose will not be delegated.

"If any statement made in the application for this policy be in any respect untrue, this policy shall be void and all payments which shall have been made to the company on account of this contract shall belong to and be retained by the company."

It further appears by the evidence that George A. Crocker, at the time said application was written and signed and the policy delivered, was the agent of plaintiff in error to solicit applications for insurance, effecting the insurance and delivering policies therefor to parties insured and collecting premiums, and had been such agent in East St. Louis (where Thoena resided) in 1882, and until January 25, 1883; that he procured a friend of Thoena to go with him to aid in inducing Thoena to take out a policy, and after several visits for that purpose succeeded in getting Thoena to make an application and take out the policy sued on; that said application and the questions and answers therein were written by Crocker, and that he at that time knew the kind of business Thoena was engaged in. With this knowledge, Crocker, when said application was signed by Thoena, forwarded it to the company, the policy was sent him, and upon receiving payment of the premium for the first year, he delivered it to Thoena. The premiums for the two following years were paid by Thoena to Renshaw, an agent of the company, who also knew Thoena and the business carried on by him. That business was butchering, keeping a saloon and boarding house, and selling vegetables; it was described in the application as the business of "*general mer-*

*chant ;*" this was written therein by the agent of the company and by him adopted as a true description of said business, he at the time knowing what that business really was, and plaintiff in error is estopped from asserting such description is untrue.

It is insisted also that Thoena had the rheumatism, and hence his answer to the question "Have you ever had" certain named diseases, including rheumatism, was untrue. It does not appear he was so afflicted at or before the time the application was signed, and we do not understand he contracted that he would not have that disease after that date, nor do we understand the proof to be, as counsel for plaintiff in error contends, that Thoena used stimulants to excess or *used* narcotics or tobacco. The most that can be claimed by the proof is, Thoena occasionally, *and not frequently,* at some time, a year or two before his death, took a narcotic as a remedy for rheumatism, and occasionally smoked a cigar, but used tobacco in no other form. His habit as to the use of stimulants was as stated in the application, moderate, not excessive, and Crocker knew this fact and what his habit was when said application was written. The representations in that application were not warranties, and no pretense is set up they were made with a purpose to deceive or defraud the company. Under the circumstances proven in this case if the answers were untrue, as claimed, the policy would not for that reason be void even under the clauses and conditions before quoted. Continental Life Ins. Co. v. Rogers, 119 Ill. 474.

In a case where a series of questions were asked the assured, as in this case, it was stipulated: "It is hereby declared and warranted that the above are fair and true answers to the foregoing questions, and it is acknowledged and agreed by the undersigned that this application shall form part of the contract of insurance and that, if there be in any of the answers herein made, any untrue or evasive statement, or any misrepresentation or concealment of facts, then any policy granted on this application shall be null and void, and all payments thereon shall be forfeited to the company." The defense was, the insured had been afflicted with a certain disease and

Continental Life Insurance Co. v. Thoena.

that he has stated in his application he had never been so afflicted. This statement was held to be a representation and not a warranty, and although untrue would not avoid the policy. Mouler v. Am. Life Ins. Co., 111 U. S. 335; Union Mut. Ins. Co. v. Wilkinson, 13 Wall. 233; Rowly v. Empire Ins. Co., 36 N. Y. 550; Germania Fire Ins. Co. v. McKee, 94 Ill. 494.

In the case at bar the agent of the company, with a knowledge of the business of the assured, and his habits, wrote out the application; there was no collusion between the assured and the agent, or fraud or fraudulent intent in so doing. It is not contended that the business of the assured or his habits in the use of stimulants, narcotics or tobacco, increased the hazard, or that the rheumatism caused or contributed to cause his death; the assured paid all the premiums up to the time of his death as he agreed to, and the company took and retained them, and it would be a fraud on its part, under all the facts, to keep the money and not pay the sum it agreed to pay upon the death of the assured. Union Ins. Co. v. Chipp, 93 Ill. 97; Am. Ins. Co. v. Sutton, 89 Ill. 314; Rockford Ins. Co. v. Nelson, 75 Ill. 548; F. & M. Ins. Co. v. Chesnut, 50 Ill. 111; Com. Ins. Co. v. Spankneble, 52 Ill. 53.

There was no error in the rulings of the court below in the admission of evidence objected to on behalf of the defendant, or in giving the instruction for plaintiff complained of, and refusing the 1st, 2d, 3d and 5th instructions asked for on behalf of defendant. We are satisfied the verdict was right, and that justice has been done, and affirm the judgment of the City Court.

*Judgment affirmed.*