# THE METROPOLITAN LIFE INSURANCE COMPANY

*v.*

## ANNIE MITCHELL.

*Opinion filed October 24, 1898.*

1. EVIDENCE—*suit on insurance policy—what not admissible to show false statements by insured.* In a suit on a life insurance policy, entries made in the records of a medical institution, and in the books of a physician, showing the physical condition of a party having the same name as the insured, who was examined about the time the insured applied for his policy, are not admissible in absence of proof of the identity of the parties.

2. SAME—*when evidence that company called for additional proofs of death is properly refused.* In a suit on a life insurance policy, evidence that the company called for additional certificates of physicians after the proofs of loss were made by the agent is properly denied admission, where the proofs furnished were made upon the company's blanks and conformed in all respects to the condition of the policy in regard thereto.

*Metropolitan Life Ins. Co.* v. *Mitchell*, 72 Ill. App. 621, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

WILLIAM D. FULLERTON, for plaintiff in error.

HASKINS & PANNECK, and VINCENT J. DUNCAN, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Judgment was recovered by defendant in error on a life insurance policy, which judgment was affirmed by the Appellate Court.

The errors assigned here, and relied upon to secure a reversal, consist altogether of the rulings of the court in the admission and rejection of evidence. Dr. Sprague was the medical examiner of the company. He testified for it that the deceased, Frank Mitchell, was examined,

and identified his signature to a written statement made by him as such examiner. On cross-examination he was asked, in substance, if he made the examination, if the signature to the medical report on the back of such examination was his, and if that report stated the result of his examination. The report being a part of the same paper which the company offered in evidence, there was no serious error committed in identifying such signature by the witness while on the stand, and in permitting the entire paper, relating to the same subject matter, to go in evidence at the same time.

There was no error committed in refusing to admit evidence that the company called for additional certificates of physicians after the proof of loss made out by the company's agents (and, according to their requirements, on the company's blanks,) had been sent in. The policy required the proofs of death to be made in the manner, to the extent and upon the blanks required by condition No. 9. Condition 9 provides such proof shall be made upon blanks furnished by the company, and the proofs shall contain answers to each and every question propounded in said blanks to the claimant, physician and other persons to whom such questions shall be propounded. This was complied with. But aside from this view, the company, by its letter of June 21, 1895, unequivocally rejected the claim, and made no mention of the alleged failure to furnish such additional certificate.

The assured took out the policy March 18, 1894, and died of consumption March 31, 1895. The defense interposed was, that to secure the insurance he had made false statements as to his former condition, especially as to not having consumption or bronchitis and as to not having consulted a physician. The company offered evidence to show by a physician who treated deceased January 8, 1895,—a little over two months before his death,—that he had consumption, and that the disease, in his opinion, had existed for at least eighteen months. On the other

hand, a physician of large experience testified that a person may contract the disease of consumption and die of it in six weeks. It is a matter of common knowledge there are at least two kinds of such disease. If afflicted with one kind the patient often lingers, while with the other he soon passes away. The latter, in popular phrase, is called quick or galloping consumption. In addition to this evidence, the company's examining physician's certificate showed that at the time of the application for the insurance deceased had no "derangement of function of the respiratory system." There was other evidence of a similar nature. In view of the nature and character of the evidence offered in support of the good faith and truthfulness of the representations in the application, as well as in view of the common knowledge that the disease sometimes runs its course rapidly, the judgment is believed to be fully sustained.

Error is assigned in the refusal of the court to admit the records of medical institutions, and entries in a book of a physician, made about or before the time of the application for insurance, of an examination of one Frank Mitchell, and a statement in such entries that he was suffering from lung trouble, etc. It is conceded that before such records or entries would be proper in any event, there must be proof of identity of such person as the insured. This proof seems not to have been deemed sufficient by the lower court, and the Appellate Court states as a fact "there is no pretense of such identification." A careful examination of the record seems to show there is some evidence tending to prove identity, but we do not feel called upon to hold on this question of fact, especially in view of the other facts in this case and the holding of the other courts, that such proof was sufficient to require the admission of such records and entries, even if clearly competent.

There being no substantial error in the record the judgment is affirmed.                    *Judgment affirmed.*