## Globe Mutual Life Ins. Association v. Dora Wagner.

1. Warranties—*What Can Not be Relied upon to Avoid a Policy of Insurance.*—The statement by insured that he has no brothers dead where one has died without his knowledge can not be treated as a warranty with the effect to avoid the policy.

2. Insurance—*Where False Representations Will Not Avoid a Policy.*—Where there is no moral fraud, a representation, although false, does not avoid the policy unless such representation be material—and its materiality is a question, upon the evidence, for the jury.

Assumpsit, on a policy of insurance.    Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1899.    Affirmed. Opinion filed July 31, 1900.    Rehearing denied.

Hoyne, O'Connor & Hoyne, attorneys for appellant; Harry D. Irwin, of counsel.

Francis T. Colby, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

The appellant issued to appellee a policy of insurance upon the life of Richard Wagner, her son, dated October 7, 1895, for $250, payable within sixty days after satisfactory proofs, etc., of the death of the assured, and from a judgment rendered upon the verdict of a jury in favor of appellee, in a suit brought by her on the policy, appellant has appealed to this court.

No question is made by appellant as to the death of the assured or as to proper proofs being made.    The chief ground for a reversal of the judgment that is urged, is the falsity of one of the answers made by the insured upon his medical examination, as to the death of a brother nearly five years before the date of the policy.    The question referred to, that was answered contrary to the fact, and the answer thereto, are as follows:

" C.    How many brothers dead?    (Ans.)    None."

This occurs on the back of the application that was made

by the appellee, in what purports to be the medical exam·
ination of the assured, and is certified to by the medical
examiner as follows :

" I certify that I have this 7th day of October, 1895,
made a personal examination of the above named person
(Richard Wagner), and that the above answers are in my
own handwriting, and that the signature of the applicant
or person examined was written in my presence.
(Signed)                               M. J. McKENNA, M. D."

Preceding the certificate just quoted, appears the name
Richard Wagner, which is immediately under the following,
at the end of the series of questions and answers referred to
in the physician's certificate, of which the question " C "
above quoted is one.

" I hereby declare and warrant that the answers to the
above questions and the statements made in the application
on the other side hereof, are true, and were written by me,
or by my proper agent; and that said answers and state-
ments, together with this warranty, shall form the basis of
any contract of insurance that may be entered into between
me and the Globe Mutual Life Insurance Association, and
that if a contract of insurance is issued it shall not be bind-
ing on the company unless upon its date and delivery I
shall be in sound health."

The front side of the sheet, upon the back of which is
the medical examination and statement signed, as above,
by the assured, contained the application by appellee for
the policy and over her signature appears the following:

" I hereby make application for the policy described
above, and, as an inducement to the association to issue a
policy, and, as a consideration therefor, make the agree-
ment as to agency and all other agreements and warranties
contained in the medical examination as fully as if I had
signed the same."

It seems to be a fact that the assured's brother, Thomas,
died in London, England, January 13, 1891.

It does not appear that the assured ever knew of the
death of his brother. The broad proposition is made by
appellant that whether he knew it or not, his statement
being a warranty, and being untrue, the case falls within

the claimed rule of law, that a breach of warranty in an insurance policy avoids the policy.

There may not be entire uniformity in the decisions regarding whether statements like the one in question shall be held to be warranties, which if untrue will avoid the policy, or mere representations, that will not have that effect. But we regard the true rule to be as held in Continental Life Insurance Company v. Rogers, 119 Ill. 474; Continental Life Insurance Company v. Thoena, 26 Ill. App. 495; Northwestern Benevolent and Mutual Aid Association v. Cain, 21 Ill. App. 471; Moulor v. American Life Insurance Company, 111 U. S. 335. The effect of those decisions is that the untruthful representation relied upon in this case, can not be treated as a warranty with the effect to avoid the policy.

It is said in Manufacturers, etc., Ins. Co. v. Zeitinger, 168 Ill. 286 :

" When there is no moral fraud, a representation, although false, does not avoid the policy unless such representation be material, and its materiality is a question, upon the evidence, for the jury."

There is no evidence that the assured was guilty of the least moral turpitude in making the representation that none of his brothers had died. It does not even appear that he knew the fact. Nor does it appear that he had explained to him the questions and answers contained in the medical examination. The physician's certificate states only, in such respect, that the signature of the assured to the result of the examination was written in his, the physician's presence. The Supreme Court, in Teutonia Life Ins. Co. v. Beck, 74 Ill. 165, has this to say, on page 166, about similar " small print " conditions (such as here) forming a part of a policy of insurance :

" It is true that such a statement is usually contained in small print in the conditions annexed to the policy. But these are usually difficult to read, and as is believed, they are seldom if ever known to be contained in the policy by the holder. In this manner the honest and unsuspecting are easily overreached, and may frequently be imposed upon by

the unscrupulous. When an application is filled out by an agent of the company, and the assured requested to sign it, most persons regard it as a mere form, and unless admonished of the importance of accurate answers to the questions, answers are hastily given, without reflection or time to ascertain facts with precise exactness, which is frequently insisted upon after a loss occurs. In this way the people are liable greatly to be abused, and it is a matter of surprise that such bodies are still so extensively patronized."

We will not prolong the consideration of this branch of the case.

The only other point against the recovery that was had is that it was incumbent upon appellee to prove that she had an insurable interest in the life of the insured, and that she did not make such proof.

The application for the policy was made by the appellee and she paid all the premiums upon it. She was named in the application as the beneficiary, and as mother of the insured. By the terms of the policy the appellant agreed to pay the loss " to the beneficiary named in the said application," after proofs, etc., of the death of the assured, " and of the just and lawful claim, both as to the rights and interest of the beneficiary hereunder, as well as to the justness of the claim under this contract," etc.

The proofs of death, etc., made by appellee, were made out on what purports to be a blank form, prepared by appellant. The thirty-third question there appearing is: " By what right or relationship do you claim the proceeds of this insurance?" Appellee's answer to such question is, " as mother and beneficiary."

At the conclusion of the questions and answers, there follows a statement in the form of a certificate, signed by appellee, ending as follows:

" That I have a valid insurable interest to the amount insured, and that I will furnish any further proof that the company may demand, it being directly understood that I shall not have furnished the proofs required by the terms of the conditions of the policy relating to the filing of the proofs of death, until such demand for additional proofs have been complied with."

No further proofs were requested by appellant, and appellant must be held to have been satisfied with that furnished.

The proofs of loss, with that statement appended, were in evidence and before the jury. Their sufficiency does not appear to have been challenged at the trial or in the pleas filed by appellant. Under such circumstances we think the appellee was excused from making any other proof of her insurable right or interest.

We think the judgment should be affirmed, and it is so ordered.