## Metropolitan Life Insurance Company v. Vojtech Moravec.

### Gen. No. 10,825.

1. CONTINUANCE—*when denial of, deemed waived.* Where a motion for a continuance forms a substantial part of the trial, its denial cannot be urged as error upon appeal where such denial is not urged as a ground for new trial in a written motion filed in support thereof.

2. CONTINUANCE—*when affidavit for, is defective.* An affidavit for a continuance is defective in failing to state that what the applicant expects to prove by the absent witness is true or that he believes it to be true.

3. HOSPITAL RECORDS—*how far, competent.* Hospital records are only evidence of facts necessarily within the knowledge of the person making the entry.

4. CONDITION OF HEALTH—*how far warranty of, extends.* A warranty or representation as to the condition of health goes only to the extent of an honest and true statement of the applicant's belief.

5. WARRANTY—*what will not be taken as, so as to defeat recovery upon insurance policy.* In the absence of evidence, the court will not hold that unanswered statements in any wise constitute a warranty such as will defeat recovery upon a policy.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed October 4, 1904.

**Statement by the Court.** This is an appeal from a judgment obtained on a policy for the sum of $500 issued by appellant, insuring the life of Josie Moravec, the wife of appellee. A jury returned a verdict in favor of appellee and the judgment was entered for the full amount due by the terms of the policy. The application for the insurance ·bears date January 24, 1900, and contains a number of

statements to be assented to or otherwise by the insured. The policy itself provides that if any statement in the application, a copy of which is attached to the policy, is not true, "this policy shall be void and all premiums paid shall be forfeited to the company." Preceding the statements in the application is a provision in prominent type, that wherever nothing is written in reference to any of these printed statements, " it is agreed that the warranty is true without exception." There are certain of these statements in reference to which nothing was written. These declare among other things that the applicant never had "disease of the heart" or "rheumatism; " that she was " in sound health," and had never had "any physical or mental defect or infirmity of any kind; " that she had not been under the care of any physician within two years, and never been seriously ill; and the applicant further agrees and warrants that these statements are "strictly correct and wholly true," " that they shall form the basis and become part of the contract of insurance," and that any untrue answer will render the policy null and void. It is conceded and the proofs of death furnished by appellee show that the insured died of organic heart disease, January 6, 1901.

HOYNE, O'CONNOR & HOYNE, for appellant.

V. A. GERINGER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended by appellant that the statements and answers in the application which is by the policy made a part of the contract, are warranties, and if any of them are untrue, that there can be no recovery upon the policy.

It is first urged that the trial court erred in denying a motion for continuance made by appellant, based upon the absence of a witness whose testimony was deemed material to the defense. The affidavit filed in support of the motion sets forth that a doctor McNeil who had examined the insured at the hospital, had left the city without informing

appellant's attorneys, although he had told them by telephone that he would hold himself in readiness to go to court when wanted. He had not been served with subpoena, although it is claimed that diligent effort to do so had been made. He had gone to Ft. Atkinson, Wisconsin, to live and practice his profession. It was expected to prove by him that he was employed in the Cook County Hospital when the insured applied on or about January 2, 1901, for admission; that he had examined her and found her suffering from throat trouble, shortness of breath, swelling of feet, heart disease and rheumatism, and that she told him she had suffered from rheumatism and trouble with her heart for several years next preceding.

It appears that the refusal of appellant's application for a continuance was not among the reasons for which a new trial was asked. It is urged therefore that the alleged error complained of has been waived. In Guyer v. D., R. I. & N. W. Ry. Co., 196 Ill. 370, 376, 377, it is said that grounds for a new trial do not include errors in rulings made before trial or after entry of judgment; that "errors in ruling on demurrers and motions relating to pleadings may be reviewed on exceptions without a motion for a new trial." The ruling in the case before us on the motion for continuance was made a day before the case was called, but it was nevertheless as much a substantial part of the trial as if made after the case had been actually called. It was not a motion relating to the pleadings. The ruling of the court practically amounted to an exclusion of certain testimony offered by appellant, and if error was committed in that respect it would seem that the trial court should have been given a chance to correct itself on a motion for a new trial. We are inclined to agree with what is said in Lichliter v. Russell, 89 Ill. App. 63–64, in this respect. See also I. C. R. R. v. Johnson, 191 Ill. 594. The affidavit for continuance is defective in failing to state that what appellant expects to prove by the absent witness is true or that he believed it to be true. Lichliter v. Russell, *supra.* Inasmuch as the witness was not served with subpoena and

his promise to attend was relied upon, appellant took the
hazard of his attendance. Day v. Gelston, 22 Ill. 103;
Moore v. Goelitz, 27 Ill. 18.

It is said the trial court erred in excluding records of
Cook County Hospital offered in evidence in connection
with the testimony of their custodian. The records sought
to be introduced were made by the absent witness, Dr. Mc-
Neil, and purport to show the results of his examination of
the insured made at the time of her admission to the hospital
January 2, 1901; that appellee had heart disease; that she
died four days thereafter, January 6, 1901, and that the
insured made statements to the effect that she had suffered
from trouble with her heart for a long time previous, and
rheumatism several years before. It is urged that the
record should have been admitted not merely to show that
she had rheumatism and heart trouble at the time of her
admission to the hospital, which is not denied, but to show
how long she had been suffering from those diseases.

We are of opinion that the hospital records were not
admissible to show alleged statements by her as to how
long she had suffered from these diseases. The rules under
which they were kept provided, as stated by appellant's
attorneys, that the record shall show " the disease or cause
of disability ' together with such other items of information
as the president of the board may direct.' " As said in
Howard v. Ill. Tr. & Sav. Bank, 189 Ill. 568–574, the record
" is not evidence of matters of mere hearsay gathered up
by the physician, of which he knows nothing. It is only
evidence of facts necessarily within the knowledge of the
person making the entry. (1 Greenleaf on Evidence, sec.
493.)" The purpose for which the record was sought to be
introduced according to appellant's attorneys was to show
how long the insured had been suffering from the disease
referred to. This was not a fact within the knowledge of
the absent physician who made the entries. The real pur-
pose was to introduce alleged statements or admissions said
to have been made by the deceased at that time to some
one not produced as a witness. In Metropolitan Life Ins.

Co. v. Mitchell, 175 Ill. 322–324, the court refuses to hold that similar records were admissible; and seems to entertain a doubt whether they are "clearly competent." In Tucker v. The People, 117 Ill. 88–91, it is said that registers of births and marriages made pursuant to the statutes of any of the United States are competent evidence because made by public authority and under the sanction of official duty; but that in the absence of proof that a registry was made by such authority it was erroneous to admit the evidence. In Hempton v. State, 111 Wis. 127, cited by appellant's counsel, records kept at a hospital were held competent evidence of the facts which they purported to show. In the case before us the nature of the disease and the cause of death, the only facts shown by these records, were not in dispute, but were conceded and are shown by appellee's evidence. We are of opinion the court committed no error in excluding the proof offered containing a record of alleged statements said to have been made by appellee.

It is contended that the statements made in the application for insurance were not true. There is evidence tending to show that prior to the application, the insured had consulted a physician who found her afflicted with heart disease. As against this there is evidence in behalf of appellee, including the testimony of the examining physician, that he examined her chest and heart and found her in good health; and there is also some question whether it was the insured or another person who, suffering from heart disease, consulted some years before the physician testifying in behalf of appellant. It is unnecessary to review the evidence in detail. It was the province of the jury to determine the question of fact from the conflicting evidence, and that there was evidence warranting the verdict in this respect is manifest. There was therefore no error in the court's refusal to direct a verdict for appellant.

The court refused to instruct the jury that if the statements made by the insured in the application were warranted to be strictly correct and wholly true and any of them were not so when made, appellee could not recover.

The other instructions, the refusal or modification of which
are complained of, were based on the contention that the
statements in the application are warranties and not repre-
sentations.    In Globe Life Ins. Assn. v. Wagner (90 Ill.
App. 444), 188 Ill. 133, it is held that in the absence of
explicit, unequivocal stipulations requiring such interpreta-
tion, it should not be inferred that the insured took a life
policy with the distinct understanding that it should be
void if any statements made in the medical examination
should be false, whether the insured was conscious of their
falsity or not.    In the case before us the application con-
tains a printed clause as follows:   " Wherever nothing is
written in the following paragraphs, it is agreed that the
warranty is true without exception."   The statements
which it is claimed were warranties and not representations
are not answered by the insured, and there is no evidence
that her attention was called to them.    One of them makes
the applicant assert that she has no " physical or mental
defect or infirmity of any kind," something which no mortal
can assert as a positive fact whatever may be his or her honest
opinion.    It is fair to infer that such warranty or represen-
tation goes only to the extent of an honest and true state-
ment of the applicant's belief.    To hold these unanswered
statements as warranties which if untrue will avoid the
policy, (unless unequivocal stipulations so require) we
should be obliged to hold that the insured distinctly under-
stood and warranted that the policy should be void if she
failed to assent to or modify the printed statements in the
application, and in consequence any of them were without
the applicant's knowledge literally in some detail, though
perhaps not substantially untrue.    This in the absence of
evidence we ought not to do.    See Moulor v. American Life
Ins. Co., 111 U. S. 335.    In that case the word " true " in
such connection is given the meaning of " honest, sincere,
not fraudulent," the meaning which we think should be
given to it in the present case.    Some of these statements
are called representations in the application itself.    We are
aware that there is a lack of uniformity in decisions relat-

ing to this subject, but we are of opinion it was not error in the case before us to refuse the instructions referred to. We do not regard Sup. L. of Columbian Knights v. McLaughlin, 108 Ill. App. 85, as in conflict with the views above expressed. The judgment of the Superior Court must be affirmed. .                                      *Affirmed.*

Mr. Justice STEIN took no part in the decision of this case.